UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRIAN KEITH McELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-3868 (UNA) |
| | ) | |
| ZACHARY ROPOS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint.[1]

Plaintiff finds himself at the Brevard County, Florida jail awaiting extradition to Ohio. He alleges that Patrol Sergeant Ropos testified falsely at plaintiff's preliminary hearing in an Ohio court. Among the attachments to the complaint is an excerpt from a petition for a writ of habeas corpus (ECF No. 1-1 at 4) filed in the United States District Court for the Northern District of Ohio. *See McElroy v. City of Painesville*, No. 1:22-cv-2101 (N.D. Ohio filed Nov. 21,

---

[1] Under 28 U.S.C. § 1915(a)(2), a prisoner plaintiff must submit a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which plaintiff is or was confined. The Court excuses this plaintiff's failure to file a trust fund account statement. Based on information plaintiff supplied in a separate case, *see McElroy v. Lake County Sheriff's Office*, No. 1:22-cv-3261 (D.D.C. filed Oct. 24, 2022) (ECF Nos. 3, 8, 12), it appears plaintiff had not been in custody for a full six months prior to initiating this civil action on December 19, 2022. Furthermore, the Court accepts plaintiff's representation that his trust account has a negative balance and therefore he is unable to pay the filing fee.

2022). The complaint itself does not demand relief, and the Court presumes that plaintiff is attempting to file a habeas petition in this district also.

The proper respondent in a habeas corpus action ordinarily is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Plaintiff neither names the proper respondent nor establishes that the respondent is located in the District of Columbia. Therefore, dismissal of the petition is warranted because this Court lacks jurisdiction over it. Furthermore, no district court need entertain a duplicate petition. "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (citation omitted).

An Order is issued separately.

DATE: January 31, 2023

/s/
CHRISTOPHER R. COOPER
United States District Judge